[No. 5051.   Decided November 11, 1904.]

CRANE COMPANY, *Respondent*, v. PACIFIC HEAT & POWER COMPANY *et al., Appellants*.[1]

PRINCIPAL AND SURETY—APPLICATION OF PAYMENTS — SCHOOL BUILDING CONTRACT—INDEMNITY—SURETY WHEN NOT BOUND BY APPLICATION.   Where a surety company guarantees the faithful performance of a school building contract, pursuant to the statute for the benefit of laborers and material men, and the contractor pays the money received from the school district to a party who furnished material for the building, and to whom the contractor was indebted, also, upon an older unsecured account, the surety is not bound by an application of the school money to the old account, but is entitled to have the same applied on the school contract in discharge of its liability.

APPEAL AND ERROR—BRIEFS—STIPULATION—ASSIGNMENT OF ERRORS.   A stipulation that appellant might file a supplemental brief "citing additional points and authorities," is not intended to authorize a new assignment of error, and the same will not be considered.

Appeal from a judgment of the superior court for King county, Morris, J., entered November 10, 1903, dismissing the action, upon sustaining a demurrer to affirmative defenses in the answer.   Reversed.

*Shank & Smith* and *Root, Palmer & Brown,* for appellants.

[1]Reported in 78 Pac. 460.

*Hawley & Huntley* and *George A. Hawley,* for respondent. The surety was bound by the application of the payment to the older and unsecured account. *Post-Intelligencer Pub. Co. v. Harris,* 11 Wash. 500, 39 Pac. 965; *Smythe v. New England etc. Co.,* 12 Wash. 424, 41 Pac. 184; *Zinns Mfg. Co. v. Mendelsen,* 89 Wis. 133, 61 N. W. 302; *Pope v. Transparent Ice Co.,* 91 Va. 79, 20 S. E. 940; *The Katie O'Neil,* 65 Fed. 111.

Dunbar, J.—This is an action brought by the plaintiff, a wholesale and retail plumbing house, against the Pacific Heat & Power Company, a contracting concern engaged in the installment of steam heating and ventilating plants, and the Aetna Indemnity Company, to recover the purchase price of certain plumbing and steam fitting supplies, furnished under contract with the Pacific Heat & Power Company, had with the board of directors of Seattle school district No. 1. The complaint, among other things, states that in July, 1902, the Pacific Heat & Power Company made an agreement with the board of directors of Seattle school district No. 1 to furnish and install a heating and ventilating plant in what is known as the Warren avenue school building, for which the school district was to pay the sum of $7,997; alleges that, to secure faithful performance of this contract, the defendant, the Aetna Indemnity Company, became surety, and that the bond was given under and pursuant to the laws of the state of Washington; that, between November 1, 1902, and February 7, 1903, plaintiff sold and delivered to the Pacific Heat & Power Company goods, wares, and merchandise, to be used in and about the heating and ventilating of the building, of the agreed value of $1,930.47, and that these goods, wares, and merchandise were used in the Warren avenue school building, and there has been paid on account thereof only

$118.59, leaving a balance due of $1,811.88; and judgment was prayed jointly and severally for this amount.

The Aetna Indemnity Company alleges, by way of affirmative defense, that, prior to July, 1902, at which time the Pacific Heat & Power Company entered into an agreement with the school board with reference to the Warren avenue school, they had been purchasing large bills of goods, wares, and merchandise from the plaintiff for heating and ventilating other buildings, for the payment of which the Aetna Indemnity Company was not liable; alleges that, after the purchase of the goods, wares, and merchandise from the plaintiff, which purchases were made between October 22, 1902, and January 31, 1903, and amounted to $1,939.47, the Pacific Heat & Power Company received certain payments from the board of directors on account of the contract price of the heating and ventilating plant in the Warren avenue school, and, out of the moneys so received, paid the plaintiff $500 on December, 17, 1902, and $500 on February 16, 1903, both of said payments being applied by the plaintiff on the old accounts other than that contracted for the Warren avenue school, the application of said payments having been made without the knowledge or consent of the appellant. The answer further alleges, that, at the time the application of these payments was made, the plaintiff knew that the moneys so received were payments to the Pacific Heat & Power Company from the board of directors on account of the Warren avenue school contract, and that the plaintiff made the application of these payments as it did, to the old accounts and to accounts for which the Aetna Indemnity Company was not liable, with the intent, and for the purpose, of defrauding the Aetna Indemnity Company out of its just rights, and to impose additional burdens upon the Aetna Indemnity Company other than those assumed by its bond;

that the accounts to which said payments were thus fraudulently applied were unsecured, and the application of the payments was made in fraud of the rights of this surety; that, after the plaintiff had wiped out all of its old debts with this money which it knew had come from the Warren avenue contract, it applied the remainder, amounting to $118.59, to the goods purchased on account of the Warren avenue school contract. The answer also sets forth that, if these payments had been applied as the Aetna Indemnity Company is equitably entitled to have them applied, there would remain due on account of the Warren avenue school contract only $811.88 instead of the $1,811.88, as prayed for in the complaint. A general demurrer was interposed to these affirmative defenses, which was sustained by the court. The defendants refusing to plead further, judgment was entered as prayed for in the complaint. From this judgment this appeal is taken.

It will be seen that the question for decision here is whether the appellant, the Aetna Indemnity Company, is equitably entitled to have the payments which were made to the Pacific Heat & Power Company, under the Warren avenue school contract, applied to the indebtedness of the Warren avenue school, for which the indemnity company is surety, or whether the respondent could apply them to other and older indebtedness, for which the indemnity company was in no wise responsible, and which was unsecured. We think, under both authority and right reasoning, that the indemnity company had an equitable right to have the money which was paid to the respondent by its principals on the bond applied to the liquidation of the debt for which the security was given. The Aetna Indemnity Company did not undertake to secure the payment to the respondent of any old claims which were then due and unsecured, or any claims other than the one which was the

subject of the contract, viz., the Warren avenue school contract. It cannot be gainsaid that, as a general rule, a surety has no right to direct the application of a payment made by its principal; but this case falls without, rather than within, the reason of the rule. Appellant cites to sustain its contention, *Merchants' Ins. Co. v. Herber*, 68 Minn. 420, 71 N. W. 624; *Young v. Swan*, 100 Iowa 323, 69 N. W. 566; and *Crane Bros. Mfg. Co. v. Keck*, 35 Neb. 683, 53 N. W. 606. Respondent undertakes to distinguish these cases from the case at bar, and, while it is true that the facts are not exactly the same—as facts seldom are the same in any two cases—yet the principles announced in the cases cited undoubtedly sustain appellant's contention. In *Merchants' Ins. Co. v. Herber, supra*, it was decided that, where the specific money paid to the creditor, and applied on the debt of the principal, for which the surety is not bound, is the very money for the collection and payment of which he is surety, he is not bound by such application, and is equitably entitled to have the money applied to the payment of the debt for which he is liable. In the discussion of this case, it is said by the court:

"It is true, as a general proposition, that a surety cannot direct the application of payments made by his principal, and is bound by any application made by the principal and creditor, or either of them. This rule, as thus broadly stated, applies to cases only where the principal makes the payment from funds which are his own, and free from any equity in favor of the surety to have the money applied in payment of the debt for which he is liable. Hence, where the specific moneys paid to the creditor, and applied on a debt of a principal for which the surety is not held, are the very moneys for the collection and payment of which he is obligated to the creditor, he is not bound by such application, and is equitably entitled to have the moneys applied to the payment of the debt for which he is surety, unless the creditor can show that he has a superior

equity to have them applied as they were applied. The adjudged cases are not harmonious on this proposition, but any attempt to here cite and analyze them would be unprofitable. Many of them which are apparently conflicting may be reconciled by observing the distinction between payments made from funds which were the absolute property of the principal, and those made from funds affected by an equity in favor of the surety. Upon principle, we hold that the proposition that we have stated is correct."

It will be seen, from the allegations of the answer in this case, that the moneys applied upon the old debts by the respondent were the very moneys for the collection and payment of which the surety was obligated to the creditor, and, under the rule announced above, and which seems to us to be the right and equitable rule, the surety is not bound by such application. The judgment will be reversed, with instructions to overrule the demurrers to the affirmative defenses.

After the filing of the appellant's brief, which discussed alone the propositions we have just decided, and the filing of the respondent's brief in answer to points and authorities in appellant's brief, the following stipulation was entered into:

"It is hereby stipulated by and between George A. Hawley, attorney for respondent, and Shank & Smith and Root, Palmer & Brown, attorneys for appellants, that the said appellants may file a supplemental brief herein on or before Saturday, April 23, 1904, citing additional points and authorities."

Under the provisions of this stipulation the appellant filed a brief attacking the sufficiency of the complaint. We have not examined this assignment of error, for we do not think it is properly here. It was evidently not the intention of the respondent, in entering into this stipulation, to give its consent to new assignments of error, but

simply to allow the appellant an opportunity to amplify or elaborate its brief, so far as the citation of points and authorities is concerned.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.