[No. 19795. Department Two. June 24, 1926.]

J. L. EDDY, *Appellant*, v. FERN HILL LUMBER COMPANY,
*Respondent*.[1]

[1] MECHANICS' LIENS (76-1)—EXTINGUISHMENT—PAYMENT OF
DEBT. Findings that a payment made to a plumber was to be
applied on his plumbing contract are sustained where the
order for the payment was made to, and accepted by, a savings
and loan company, interested in seeing that mechanics' liens
were paid, and would not have been paid by the company except
with the understanding that it was to be applied upon the
plumber's contract.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered October 22, 1925, upon
findings in favor of the defendant, in an action to fore-
close a mechanic's lien, tried to the court. Affirmed.

*Browder Brown*, for appellant.

*W. G. Heinly*, for respondent.

PARKER, J.—The plaintiff, Eddy, seeks foreclosure
of his lien claim for installing plumbing in a dwelling
house being constructed by Frank L. Berger on the
premises known as 306 South 35th street, in Tacoma,
which house was, upon its completion, transferred to
the ownership of the defendant lumber company, a
corporation. A trial in the superior court for Pierce
county resulted in findings and judgment denying to
Eddy the relief prayed for, from which he has appealed
to this court.

[1] The main question in the case is as to whether
or not Eddy has been paid in full his contract price for
the work and material furnished by him. Eddy, at the
request of Berger, who then owned the premises and
was building the dwelling house thereon, agreed to

[1]Reported in 247 Pac. 466.

furnish and install the plumbing in the construction of the house for the sum of $219. The building of the house was being financed by the Pacific Savings and Loan Association of Tacoma; that is, Berger had negotiated from the association a mortgage loan upon the premises, the proceeds of which were to be used for the construction of the house and were to be paid out by the association, from time to time, as the construction proceeded. Eddy knew this. When the "roughing in" of the plumbing had been accomplished, Berger, at the request of Eddy, gave him a signed order on the association, reading as follows:

"August 27, 1924.
"To the Pacific Savings and Loan Association:
"Please pay to the order of J. L. Eddy $200 for roughing in plumbing at 306 South 35th Street and charge to loan 7382. (Signed) Frank L. Berger."

The association honored this order, Eddy receiving the full amount thereof; the association manifestly proceeding upon the assumption that the whole of it was to be applied on the plumbing contract. Eddy claims, in his testimony, that the "roughing in" of the plumbing was of the value of only one hundred and ten dollars of the whole of the plumbing contract price, and that the balance of ninety dollars, so received by him, was intended as payment upon other indebtedness owing by Berger to him. The testimony of Berger also indicates that he also had the same intent as to the ninety dollars being applied to other indebtedness owing by him to Eddy; but the language of the order given to Eddy upon the association, the fact that the association would not have paid out the two hundred dollars, except in the belief that the whole was to be credited on the plumbing contract, and the fact that both Eddy and Berger knew that fact, is, to our minds, as it manifestly was to the mind of the trial court, so

conclusive and contradictory of their testimony, in so far as it relates to the question of their intention with reference to the credit, as to convince us that the trial court was correct in concluding that both Eddy and Berger did, at the time the two hundred dollars was so acquired by Eddy, intend that the whole of that amount was to be credited on the plumbing contract, as it was plainly their duty to cause it to be so credited. We do not lose sight of the fact that the association is not a party to this action. If it were, it would be entitled to have the whole of the two hundred dollars credited upon the plumbing contract as a matter of law, under our decisions. *Crane Co. v. Pacific Heat & Power Co.*, 36 Wash. 95, 78 Pac. 460; *Hughs & Co. v. Flint,* 61 Wash. 460, 112 Pac. 633; *Cummings v. Erickson,* 116 Wash. 347, 199 Pac. 736; *Kane & Co. v. Woodbury Lumber Co.,* 121 Wash. 149, 208 Pac. 1107.

We only note this plain duty of Eddy and Berger, owing by them to the association, as a circumstance strongly weighing in support of the trial court's conclusion that they did in fact, at the time Eddy so received the two hundred dollars, intend that it should all be credited upon the plumbing contract.

After the filing of the lien notice, and before the commencement of this foreclosure action, the lumber company tendered to Eddy the balance of nineteen dollars due him upon the plumbing contract, and also the full amount of expense which he claimed to have been put to in the preparation and filing of his lien claim. This tender being refused, the amount was by the lumber company deposited with the clerk of the superior court upon the commencement of this action. The judgment of the trial court was that Eddy recover nothing, other than the amount so deposited by the lumber company, that the lumber company recover its

costs against Eddy in this action, and that Eddy's lien claim be canceled of record.

We are of the opinion that the judgment must be affirmed. It is so ordered.

TOLMAN, C. J., MAIN, MITCHELL, and MACKINTOSH, JJ., concur.