[No. 8256.   Department Two.   October 29, 1909.]

F. F. FISHER et al., *Appellants*, v. THE CITY OF SEATTLE, and MATT H. GORMLEY, *as Treasurer of King County, Respondents.*[1]

MUNICIPAL CORPORATIONS—ANNEXATION—PUBLIC DEBT—WARRANTS —PAYMENT—FUNDING BONDS. Where an ordinance for the annexation of an adjoining city provided that no property within either former city shall ever be taxed for any portion of any prior indebtedness of the other, and after annexation, the city passed an ordinance making an appropriation out of its general fund "for the purpose of retiring certain outstanding warrants" of the annexed territory, and it appears from the ordinance that it was not the intention to extinguish the indebtedness or retire the warrants so as to relieve the property, but to refund them by a bond issue, the actual payment of the warrants of the annexed city with such funds did not extinguish the indebtedness as a charge against the property in the annexed city; and the issuance of funding bonds chargeable on such property was authorized.

SAME—LIMIT OF AMOUNT—PORTION VALID—FUNDING. Where a city is indebted in excess of its constitutional limit, the excess only

[1]Reported in 104 Pac. 655.

requires ratification; and funding bonds for a portion of the debt are valid without ratification, if the portion funded was within the constitutional limit.

. SAME—LOAN OF CREDIT—FUNDING BONDS—ANNEXED TERRITORY. The constitutional prohibition against a city's loaning its credit to another corporation does not apply to the loan of funds to facilitate a bond issue for the payment of the indebtedness of annexed territory.

Appeal from a judgment of the superior court for King county, Main, J., entered September 10, 1909, upon sustaining a demurrer to the complaint, dismissing an action for an injunction. Affirmed.

*J. P. Wall*, for appellants, contended, *inter alia*, that the city of Seattle paid the warrants and could not thereafter issue funding bonds. *Coffin v. Indianapolis*, 59 Fed. 221; *Inhabitants of The Village of Schell City v. Rumsey Mfg. Co.*, 39 Mo. App. 264. A voluntary payment, made under mistake of law but with full knowledge of all the facts, and not induced by fraud of the payee, cannot be recovered. *Elliott v. Swartwout*, 35 U. S. 137, 9 L. Ed. 373; *Elston v. Chicago*, 40 Ill. 514; *Mayor etc. of Richmond v. Judah*, 5 Leigh (Va.) 331; *Jefferson County v. Hawkins*, 23 Fla. 223, 2 South. 362.

*Scott Calhoun* and *Bruce C. Shorts*, for respondents, to the point that extinguishment of the warrants by payment depends on the intention, cited: 18 Am. & Eng. Ency. Law (2d ed.), p. 150; 2 Daniel, Negotiable Instruments (4th ed.), § 1221; *Bardsley v. Sternberg*, 18 Wash. 612, 52 Pac. 251, 524; *Morrow v. Surber*, 97 Mo. 155, 11 S. W. 48; *Elser v. City of Ft. Worth* (Tex. Civ. App.), 27 S. W. 739; *Cushing v. Wyman*, 44 Me. 121.

MOUNT, J.—The appellants brought this action to prevent the city of Seattle from disposing of certain bonds, and from levying a tax upon certain property to pay the said bonds and the indebtedness evidenced thereby. The lower court sus-

tained a general demurrer to the complaint. Plaintiffs elected
to stand upon the allegations of the complaint, and the ac-
tion was dismissed. They appealed from that judgment.

The complaint alleges, in substance, that the plaintiffs are
the owners of certain lots in the Thirteenth ward of the city
of Seattle; that prior to May 20, 1907, the said Thirteenth
ward was a municipal corporation of the third class under
the name of Ballard; that on said date Ballard was regu-
larly annexed to the city of Seattle as the Thirteenth ward
thereof; that at the time of such annexation the indebtedness
of the city of Ballard was $103,192.37, and the available
assets amounted to $12,712.76, leaving a net indebtedness
of $90,479.61; that the taxable property of Ballard, as
shown by the last assessment, amounted to $4,741,119, and
that such indebtedness exceeded the constitutional limit of
one and one-half per cent of the taxable property of Bal-
lard; that after annexation of Ballard to the city of Seattle,
that city passed an ordinance, entitled:

"An ordinance appropriating the sum of seventy-two thou-
sand five hundred ($72,500) dollars, or so much thereof as
may be necessary, out of the general fund, of the city of
Seattle, for the purpose of retiring certain outstanding war-
rants of the city of Ballard, authorizing the drawing and
paying of general fund warrants therefor, and directing the
city treasurer to collect said warrants." (Ordinance, Seat-
tle No. 16,375.)

which ordinance became effective in July, 1907; that said
city of Seattle thereafter paid $65,000 of the aforesaid in-
debtedness of the city of Ballard, and on March 3, 1908, the
city of Seattle submitted to all the voters of the entire city
the question of ratification of the illegal indebtedness of the
former city of Ballard, and the further question of issuing
$65,000 of bonds for the purpose of selling the same and re-
turning to the city of Seattle the money expended in the pay-
ment of the debt of the city of Ballard; that the entire city
of Seattle ratified the indebtedness and voted to issue such
bonds; that immediately thereafter the city of Seattle issued

and offered said $65,000 of bonds for sale, and is now at-tempting to sell the same; that said bonds were made redeem-able by taxation upon the Thirteenth ward only, and that in the year 1908 the city levied a tax of 51-100 mills upon the property in said ward to pay interest on such bonds.

Appellants argue that the payment of the indebtedness by the city of Seattle extinguished the debt, and that the city of Seattle may not fund an indebtedness which does not exist; that if the indebtedness exists at all, it is illegal because in excess of the constitutional limitation, and has not been vali-dated by the voters of the Thirteenth ward whose property is liable for the debt; that the city of Seattle cannot loan its money or credit, and that the tax levied is void. We shall briefly consider these contentions.

The fact that the city of Seattle appropriated from its general fund $72,500 for the purpose of retiring certain out-standing warrants issued by the city of Ballard, and actu-ally paid $65,000 thereof, did not necessarily extinguish such indebtedness so as to relieve the taxable property of Ballard, unless it was clearly intended to do so. *Bardsley v. Stern-berg*, 18 Wash. 612, 52 Pac. 251, 524. It was said in that case:

"The intention of the obligor is important in determining the question whether obligations have or have not been ex-tinguished."

The statute under which the district comprising Ballard was annexed to Seattle expressly provided,

"That no property within either of the former corpora-tions so consolidated shall ever be taxed to pay any portion of any indebtedness of either of the other of such former cor-porations, contracted prior to, or existing at, the date of such consolidation." Laws 1903, p. 282, ch. 145.

If the city of Seattle undertook, by the ordinance men-tioned, to use its general fund for the purpose of paying an indebtedness contracted by the city of Ballard before annexa-tion, such ordinance was in the face of the statute quoted.

Before the ordinance is held to require acts to be done in violation of the statute, it must clearly appear to do so. At the time this ordinance was passed, Ballard had been annexed to the city of Seattle as the Thirteenth ward thereof. Seattle was, therefore, under obligation to exercise its taxing power over the annexed territory in order to pay the indebtedness of such territory, which for all purposes of government was a part of the city of Seattle. *DeMattos v. New Whatcom*, 4 Wash. 127, 29 Pac. 933. An examination of the ordinance clearly shows that there was no intention on the part of the city of Seattle to extinguish the indebtedness or retire the warrants so as to relieve the property liable therefor, but the object clearly was to take up these warrants and refund them by a bond issue. Money was advanced or loaned by one fund to another in order to accomplish that purpose more readily. The city has authority to advance or loan money from one fund to another. City Charter, art. 9, § 17. The payment of the original warrants in this way did not, in our opinion, extinguish the indebtedness, but such indebtedness still existed as a charge against the property of the Thirteenth ward, and the city might, therefore, issue funding bonds to be paid by the property in such ward.

It may be conceded, for the purposes of this case, that the indebtedness of Ballard prior to annexation was in excess of the constitutional limit, but it does not follow therefrom that the whole of such indebtedness was illegal or required ratification. The excess only would require ratification. The complaint shows that the city has funded but $65,000, which is well within the constitutional limit. It cannot be assumed that the city is funding any of the illegal debt, if any existed. It follows from the fact that Ballard had become annexed to the city of Seattle and was a part of that city, that the provision of the constitution prohibiting cities from loaning their money or credit in aid of any other corporation does not apply in this case.

We think no cause of action is stated in the complaint, and the judgment appealed from is therefore affirmed.

RUDKIN, C. J., CROW, and PARKER, JJ., concur.