L. J. DUFFY v. CITY OF GREENSBORO.

(Filed 21 November, 1923.)

1. **Constitutional Law—School Districts—Local Laws—Statutes.**

In conformity with the Municipal Finance Act, a city voted for the issuance of bonds, in a certain amount, for purchasing land and erecting buildings for public-school purposes, and issued half thereof and contracted for the use of the full balance of the bonds: *Held,* a later public-local act that enlarged the city limits and recognized therein the independent existence of a public-school district within the former limits is not contrary to the provisions of our recent amendment to our Constitution, Art. II, sec. 29, as an attempt to establish a school district, or to change the limits of those already established.

2. **Same—Taxation—Bonds—Injunction.**

Where a city has created debts in view of a bond issue for its public schools, within its corporate limits, under the provisions of the Municipal Finance Act, and thereafter by a local public statute the limits of the city are enlarged, but recognizing the independent school district, within the old limits, and having previously issued part of the bonds, proceed to issue more of them to meet the obligations already incurred before the enactment of the local statute, their proposed action is not contrary to the provisions of our Constitution, Art. VII, sec. 9, as the authority previously conferred imports a liability to taxation; and the further issuance of the bonds may not be enjoined at the suit of a taxpayer.

APPEAL by plaintiff from *Shaw, J.,* 12 October, 1923. From GUILFORD.

Civil action, to enjoin the city of Greensboro from issuing certain school bonds.

From an order and judgment denying the relief sought, plaintiff appeals, assigning errors.

*Shuping, Hobbs & Davis for plaintiff.*
*B. L. Fentress and Cooke & Wyllie for defendant.*

STACY, J.  The facts upon which the validity or invalidity of the bonds in question must be determined are as follows:

1. In the year 1920 the city of Greensboro duly enacted an ordinance, under the Municipal Finance Act, authorizing the issuance and sale of its bonds in the amount of $1,000,000; the proceeds derived therefrom to be expended in purchasing sites and erecting school buildings thereon for use in connection with the city's public-school system.  Said ordinance was ratified at an election held 18 January, 1921, by the vote of a majority of the qualified electors resident within the then city limits of the city of Greensboro.

2. Contracts for the erection of said school buildings and the purchase of sites therefor were made and entered into, as one entire program, in a sum equal to the full amount of the $1,000,000 bond issue. One-half of the total authorized amount of these bonds has already been issued and sold, and the proceeds derived therefrom applied to the purposes aforesaid; and the city council is now attempting to issue and sell the remaining $500,000 of said bonds.  The remainder of this issue is the subject-matter of the present litigation.

3. Subsequent to the authorization of said bonds, as aforesaid, the General Assembly of North Carolina, at its regular session, 1923, passed an act entitled "An act to incorporate the city of Greensboro, to define its corporate limits, to repeal the present charter of the present city of Greensboro, except as provided herein, to provide for the control and support of the present Greensboro School District, and for other purposes."  This act extended and changed the corporate limits of the city of Greensboro and added a large amount of "new territory" to the "old limits."  Said act also provides, among other things, "that the territory embraced in the old city limits is and shall continue to be and remain an independent school district under the name of the 'Greensboro School District,'" etc.; and, further, that "all obligations of said Greensboro School District . . . shall be and remain the indebtedness of said district, and the new territory . . . shall not be liable for any part of the same, and no tax shall ever be levied or collected in said new territory on account of the same."

4. The use of all the school buildings and school sites aforementioned, and which are wholly within the "old limits" of the city of Greensboro, is limited and restricted by the act of 1923 to those inhabitants of the

city residing within the "old limits," and none of the inhabitants of the "new territory" may use the same, except upon payment of a fee as provided by the board of education.

5. The sale of the remaining $500,000 bonds is necessary either for the payment of obligations incurred in the purchase of said sites and the erection of the buildings thereon previous to the act of 1923, or for the payment of notes issued in anticipation of the sale of said bonds.

Upon these, the. facts chiefly relevant, plaintiff seeks to enjoin the further issuance of said bonds; and for this position he contends:

1. That the city council cannot issue the bonds in question as obligations of the "Greensboro School District," for the reason that no such school district now exists within the limits of the city of Greensboro; and that if such district does exist it was created by the special act known as the 1923 charter of the city of Greensboro, and is in violation of Article II, section 29, of the State Constitution.

2. That the city council cannot limit the levying of taxes for the payment of said bonds to property situate within the old city limits of Greensboro, such limitation being in violation of Article VII, section 9, of the Constitution, which provides: "All taxes levied by any county, city, town, or township shall be uniform and *ad valorem* upon all property in the same, except property exempted by this Constitution."

We are convinced that both of these contentions must be resolved in favor of the validity of the bonds and against the plaintiff's position.

In the first place, the Legislature did not undertake, by the special act of 1923, to create a new "Greensboro School District" and confine it to the old limits of the city of Greensboro. It only recognized and retained the district as it then existed and had existed for a number of years. Article II, section 29, of the Constitution provides: "The General Assembly shall not pass any local, private, or special act . . . establishing or changing the lines of school districts," etc. What was done by the Legislature of 1923 in no way offends against this provision. *Roebuck v. Trustees,* 184 N. C., p. 145; *Coble v. Comrs.,* 184 N. C., pp. 351-355; *Burney v. Comrs.,* 184 N. C., p. 277.

We think plaintiff's second contention is equally untenable. *McLeod v. Comrs.,* 148 N. C., p. 85; *Smith v. Trustees,* 141 N. C., 143; *U. S. v. Memphis,* 97 U. S., 284; *Demattos v. New Whatcom,* 4 Wash., 127; *Cleveland v. Heisley,* 41 Ohio St., 670. In levying the tax for the payment of said bonds, the city is doing no more than the bondholders could enforce through a court. The court, therefore, should not, at the instance of a taxpayer, enjoin the voluntary doing of the very act which, in a suit by a creditor, it would order to be done. *Smith v. Comrs.,* 182 N. C., 149, and cases there cited.

The obligations in question have been incurred, the sites purchased and buildings erected thereon, which are wholly within the "old limits" of the city of Greensboro, and they are now being used by the inhabitants of the old limits exclusively. The city is under obligation to provide funds to meet these debts. It can only proceed as authorized by its charter. This, we understand, it proposes to do. We·have found no constitutional inhibition against such procedure. *Hammond v. McRae,* 182 N. C., 754. The levying of the proposed tax to provide for the payment of the bonds in question is not forbidden by Article VII, section 9, of the Constitution. It is simply a levy upon all taxable property within the "Greensboro School District" to pay the debts of that district, already incurred. An obligation of this kind imports a liability to taxation, and in the instant case it means that payment can be coerced, and that all the taxable values within the old city limits may be made available on the claim. *Comrs. v. State Treasurer,* 174 N. C., p. 145.

Upon the record, the judgment entered below must be upheld.

Affirmed.