FRED OSTRANDER, *Respondent*, v. R. J. OKERLUND *et al.,* *Appellants*, H. A. SAMPLE *et al., Defendants.*[1]

*George Gregory,* for appellants.
*Oscar G. Heaton,* for respondent.

HOLCOMB, J. — This is an action to enforce labor claims brought by respondent upon one claim of his own and three others assigned to him for collection.

There is little dispute as to the facts in this case. In May, 1930, appellants R. J. Okerlund & Co., a co-partnership, entered into a contract with School District No. 74 of King county for the construction of a school building, and furnished a bond with appellant Great American Indemnity Co., a corporation, as surety for the performance of the contract.   Thereafter, Okerlund & Co. sublet a portion of the work, the plastering, to one H. A. Sample as subcontractor. Sample employed respondent, W. E. Osborne, Alfred Christianson and George Harrison in the work to be performed by him.

[1]Reported in 4 P. (2d) 828.

Sample completed his work under the subcontract on about July 25, 1930, and demanded payment of the balance of the money due on his subcontract of Okerlund & Co., which was refused by them until Sample had paid the wages owing to his employees. Thereupon Sample issued and delivered to each of his employees his check for the amount due each of them; and each of the employees and lien claimants here signed and receipted the payroll of Sample for payment in full of the amount owing to them, and accepted their checks. Upon the payroll being displayed to Okerlund & Co. on July 28, 1930, they issued and delivered to Sample a check in the sum of $250, which was the full balance due him to cover his own labor and that of his employees. That amount had been withheld by Okerlund & Co. in order to protect and pay the claims of the workmen employed by Sample.

Sample absconded, and the checks issued by him to the workmen were not paid, of which Okerlund & Co. had no knowledge for more than two weeks after final payment had been made by them to Sample. Sample had made other payments by check to his employees. Final payment was made to Sample in reliance upon and because of the receipts signed by the workmen, his employees. Okerlund & Co. took no bond from Sample to secure the performance of his contract and the payment in full of his employees, nor was any required by law.

The trial court entered judgment against Okerlund & Co. and the indemnity company on each of the causes of action for the amounts prayed and costs, with attorney's fees on each cause and interest.

Appellants excepted to the findings of fact, conclusions of law and decree made by the trial court, and to

20

its refusal to sign the findings, conclusions and decree as proposed by appellants.

On appeal, appellants contend that these lien claimants are estopped by having signed and receipted for the amounts due them, knowing that the receipts were for the subcontractor to show to the contractor in order to procure final payment from the contractor.

This contention must be sustained. In *Nelson & Castrup v. Culver*, 94 Wash. 548, 162 Pac. 978, the contractor purchased from Nelson & Castrup material used in the construction of a house. The owner of the house refused to pay the contractor until settlement had been made with Nelson & Castrup. The contractor then went to Nelson & Castrup, gave them a check for the balance due them, and received a receipt in full, which he presented to the owner, who paid the balance due on the contract to the contractor. The check given to Nelson & Castrup was returned by the bank unpaid, and they filed a lien. This court held that they were estopped from asserting a lien, and to permit the lien to be foreclosed under those circumstances would, in effect, work a fraud upon the owner. To the same effect is the recent case of *Stewart Lumber Co. v. Unique Home Builders*, 160 Wash. 273, 294 Pac. 988.

The one case cited by respondent, *John Dower Lumber Co. v. New Amsterdam Casualty Co.*, 152 Wash. 186, 277 Pac. 696, is not parallel with this case. There, it was decided that the principal was liable, which necessarily made his surety liable unless the surety could show that it had been prejudiced. In the case at bar, the contractor used proper precaution to secure payment of the laborers who dealt with Sample alone. Releasing the principal releases the surety.

We are forced to the conclusion that the judgment must be reversed.

The judgment is reversed, with instructions to dismiss.

TOLMAN, C. J., MAIN, BEALS, and MILLARD, JJ., concur.

[No. 23155. Department Two. November 5, 1931.]