[No. 25287. Department Two. March 26, 1935.]

PIONEER SAND & GRAVEL COMPANY, *Plaintiff*, v. HANS B. GREVSTAD *et al., Appellants*, WHITE & BOLLARD, INC., *et al., Defendants*, WM. G. MONTGOMERY, *Respondent.*[1]

*Christopher Jacobsen*, for appellant.

*Scott & Simmons*, for respondent.

STEINERT, J.—This is an action to foreclose certain materialmen's liens. Only one lien, however, is involved in this appeal. The cause was tried before the court and resulted in findings and conclusions, based upon which a decree was entered awarding judgment in a fixed amount in favor of the materialman, estab-

[1] Reported in 42 P. (2d) 438.

lishing a lien therefor upon certain real estate, and ordering the property sold to satisfy the lien and judgment. The owners of the property have appealed.

The facts, as found by the court, are these: Appellants, Hans B. Grevstad and Josefin Grevstad, husband and wife, owned a piece of real estate on which they were constructing a dwelling house. They entered into a contract with Junkins and Eggleston, plumbing and heating contractors, to furnish the labor and material necessary for the plumbing and heating installation, for which appellants agreed to pay the contractors the sum of $939.12.

At the request of the contractors, respondent, Wm. G. Montgomery, doing business as Northwest Plumbing Supply Co., furnished and delivered to the premises plumbing and heating material of the value of $782.58. Respondent mailed to appellants notice that the material was being furnished, and in due time he also filed a materialman's lien for the full amount in value of the material so furnished. There was paid upon the material account, prior to December, 1931, a total sum of $588.18, inclusive of all amounts hereinafter mentioned except the item of $33.49, leaving a balance of $194.40 then owing.

On August 6, 1931, the contractors procured from respondent a letter, addressed to appellant Hans B. Grevstad, waiving respondent's right of lien on the property for all materials delivered prior to that date, the agreed and reasonable value of which amounted to $203.87. This letter was obtained and used by the contractors for the purpose of getting appellants to pay them two hundred dollars on their contract. On August 10, 1931, appellants gave their check for two hundred dollars to the contractors, and at the same time received from the contractors the respondent's letter partially waiving his lien. The contractors

cashed the check and paid a part of the proceeds thereof, the exact amount not being stated, to the respondent on the contractors' general account, which included items for materials supplied to jobs other than the one here involved.

On October 15, 1931, appellants paid the contractors the sum of five hundred dollars, by check, which was endorsed over to the respondent and cashed by him. From the recitals in the findings, it appears inferentially, and, by computation of the account, it is quite apparent, that a portion, if not all, of the five hundred dollars was applied by respondent to the general account of the contractors, rather than to the particular account.

In the early part of December, 1931, the representatives of the respondent met with Mr. Grevstad and the contractors, and it was then and there agreed by and among them that there was then due and owing the respondent from the contractors, for material furnished to the Grevstad property, a balance of $194.40. A few weeks thereafter, appellants paid the contractors $45.12, which was the balance due the latter for *labor* under the contract. In June, 1932, appellants paid to respondent's attorneys, on the lien claim, the sum of $33.49 referred to above.

From the facts as thus found, the court concluded that respondent was entitled to have his lien established in the sum of $160.91, and entered its decree accordingly.

Appellants' assignments of error all go to the one point raised by them, namely, that the court's findings do not support its conclusion of law.

From the figures as given above, it is to be noted that the agreed value of materials furnished by respondent to the Grevstad job was $782.58; that there was paid on the account, prior to December, 1931, a

total sum of $588.18, leaving a balance of $194.40 then owing the respondent for materials, which amount appellants admitted and agreed was correct; and that this latter amount was subsequently reduced by the payment of $33.49 in June, 1932, leaving a final balance of $160.91, which was the amount for which the court allowed a lien and gave judgment. It is appellants' contention, however, that respondent waived its original lien to the extent of $203.87, leaving a balance of only $578.71 as an original lienable amount; that, when the two payments of five hundred dollars and $33.49, respectively, are deducted therefrom, a final balance of not more than $45.22 would remain as a lienable item. By a further process of computation, appellants contend that, if the sum of $578.71 be taken as the original lienable amount and there be credited against that amount the sum total of the payments as found by the court, namely, $588.18, it results that respondent has been overpaid.

As already stated, it does not appear how much of the two-hundred-dollar payment made August 10, 1931, was applied upon the contractors' general account with the respondent. There is no statement of facts in the record, and hence the evidence is not available. However, from what appears in the findings, the reasonable inference to be drawn therefrom is that the respondent actually received the entire proceeds of the check and applied a considerable, if not the major, part thereof upon the particular account, i. e., the Grevstad job, the object being to make the lienable amount practically equivalent to the actual amount then owing to respondent upon the particular job. For lack of evidence upon the subject, we are unable to adopt any other conclusion.

In any event, however, it is apparent from the briefs that the principal dispute between the parties arises

out of the application of the five hundred dollars paid by appellants on October 15, 1931, which amount the respondent admittedly received. Although the findings do not, upon their face, specifically recite that any part of that amount was applied to the payment of the contractors' general indebtedness, the briefs of both counsel proceed upon the theory that the entire amount was so applied, and we shall likewise proceed upon that theory.

It is undoubtedly true, as appellants contend and as respondent concedes, that, where the owner of property makes payment upon a contract let by him for the construction or improvement of a building, and the payment passes to a materialman having notice of the contract and the source of the payment, the materialman can not divert the proceeds of the payment to other accounts of the contractor, but must apply such proceeds to the contractor's account for material supplied upon the particular building or job. *Crane Co. v. Pacific Heat & Power Co.,* 36 Wash. 95, 78 Pac. 460; *Hughes & Co. v. Flint,* 61 Wash. 460, 112 Pac. 633; *Kane & Co. v. Woodbury Lumber Co.,* 121 Wash. 149, 208 Pac. 1107.

According to the authorities just cited, this rule is based upon considerations of equity and fair dealing, to the end that the owner shall not be required to pay his debt over again. In its final analysis, the rule is promulgated to effect the supposed intention of the owner of the building. It must follow as a necessary corollary to that rule, however, that, if there is an express agreement between the parties concerned, or if there is a course of conduct or business from which an agreement may be implied that a different application is to be made, then there is no ground for the presumption of the supposed intention of the owner who stands in the position of a debtor. In short, when the

intention of the parties can be determined with reasonable certainty, the court will apply the payment according to such intention. 21 R. C. L., pp. 99, 100, §§ 105, 106. See, also, notes to 96 Am. St. 58. The proper application of these rules must, therefore, depend upon the facts of the particular case.

The court specifically found in this case that, after appellants had made the payments of two hundred dollars and five hundred dollars, respectively, they agreed with the respondent and the contractors that there was still due and owing to the respondent, for materials supplied upon the particular job, the sum of $194.40. That amount could not, of course, have been the correct amount unless respondent was allowed to credit a portion of the above payments to other accounts. If it was the correct amount as the result of an agreement, then necessarily it must have been upon the assumption that a portion of the previous payments had been otherwise credited. Appellants not only made such agreement as to the amount then owing, but acted thereon, for subsequently, as the court found, they made a further payment of $33.49 to respondent "on his lien." The appellants, by their agreement and acts, waived their right of application.

What the reasons underlying this agreement were, we do not know, for the evidence is not before us. We must assume, therefore, that the reasons were satisfactory to the parties in making the agreement. We must also assume, in the absence of a transcript of the evidence, that the proof was clear, unequivocal, and decisive, that appellants entered into the agreement intending to waive their right of application of the payments made by them.

The decree is affirmed.

MILLARD, C. J., MITCHELL, HOLCOMB, and BLAKE, JJ., concur.