Richard S. KING, Plaintiff,

v.

O/S NORDIC MAIDEN, Official No. 579440, her engines, sails, tackle and equipment; Dale L. Kenyon, Belinda K. Rust and P.J. Clarke, Defendants.

Admiralty No. C84–96B.

United States District Court, W.D. Washington.

June 22, 1984.

---

Murray J. Anderson of Anderson & Anderson, Tacoma, Wash., for plaintiff.

Michael L. Jacob, Seattle, Wash., for defendants.

## ORDER

BEEKS, Senior District Judge.

On July 21, 1983, Dale Kenyon, Belinda Rust, and P.J. Clarke, in personam defendants herein, signed a promissory note (attached to plaintiff's complaint as Exhibit A) that represented the balance due on the purchase of the defendant vessel, O/S NORDIC MAIDEN. The note stated, in part, that

> For value received, I promise to pay to Richard S. King, or order, the sum of Seventy-five Thousand and No/100ths U.S. Dollars with interest thereon at the rate of 12 per cent. per annum from date hereof; payable as follows: On January 21, 1984 and on each July 21st and January 21st thereafter, payment of $6,538.85 shall be made....
>
> If any of said installments are not so paid, the whole sum of both principal and interest shall become due and payable at once without further notice, at the option of the holder hereof....

The day before the first payment became due, however, Kenyon, Clarke, and Rust deposited the full amount of the payment into the registry of the King County Superior Court for the State of Washington. They simultaneously instituted an action in that court against, among others, plaintiff King herein for the reformation of the contract of sale of the NORDIC MAIDEN and for damages, alleging breach of contract, negligence, breach of warranty, and misrepresentation. The action was assigned Cause No. 84–2–00833–1 and is still pending. The sum deposited remains in the registry of the state court.

On January 27, 1984, King instituted this action in admiralty to foreclose a preferred ship mortgage he allegedly owns on the defendant vessel. He claims that Kenyon, Clarke, and Rust are in default under the terms of the promissory note and mort-

gage, and seeks judgment in rem and in personam. King does not dispute that defendants made the deposit of the funds into the registry of the King County Superior Court prior to the due date set forth in the note.

Defendants herein now move the court for summary judgment dismissing King's complaint. Their motion was initially for dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). However, in support of their motion, defendants submitted evidentiary matter in the form of exhibits and affidavits, requiring the court to treat their motion, if at all, as one for summary judgment under Fed.R.Civ.P. 56. The court accordingly notified the parties and rescheduled the consideration of the motion to allow them to submit further briefing.

When a party moves for summary judgment, if there is no genuine issue as to any material fact, the court may render judgment as a matter of law. Fed.R.Civ.P. 56(c). The facts pertinent to this motion are simple and are not in dispute. By the terms of the note, payment was due King from defendants on January 21, 1984. The sum due was not offered to King, but was instead deposited in the registry of the King County Superior Court on January 20, 1984 and presumably will abide judgment on the contractual dispute there pending. Finding no genuine issue as to these facts, the court may render appropriate judgment.

 It must first be impressed upon the defendants herein, however, that the merits of the state court action are immaterial to the consideration of the instant motion. Defendants are also mistaken in their belief that a valid tender has been made; tender is defined when payment is offered to the creditor and the offer is refused. 74 Am.Jur.2d *Tender* § 1 (1974). The debtor often then keeps the tender good by depositing the payment into court. 74 Am.Jur.2d *Tender* § 28 (1974). Perhaps no formal declaration of tender is necessary, but the debtor must evidence a willingness, accompanied by the ability and an attempt, to pay. 74 Am.Jur.2d *Tender* § 7 (1974); *Murray v. O'Brien*, 56 Wash. 361, 105 P. 840 (1909). There is no evidence that defendants made any offer to King of the installment due. The issue of tender is therefore inapplicable.

 The singular issue before the court is whether the payment made into the Superior Court registry was sufficient "payment" under the terms of the note. While the definition of "payment" may vary with the circumstances in which the word is used, in a legal sense it is generally accepted to mean "(1) the discharge of an obligation in whole or in part, (2) by the actual or constructive delivery, (3) of money or its equivalent ... (4) by the obligor or someone for him, (5) to the obligee, (6) for the purpose of extinguishing the obligation in whole or in part, and (7) its acceptance as such by the obligee." 60 Am.Jur.2d *Payment* § 1 (1972). The Washington courts have simplified the definition somewhat, stating that "payment is established only with the receipt of funds by the creditors, coupled with an intention on behalf of both parties that the funds received constitute payment." *Thrifty Supply v. Deverian Builders*, 3 Wash.App. 425, 428, 475 P.2d 905 (1970). No authority has been submitted holding, in circumstances similar to those described herein, that a deposit of funds into court constitutes "receipt" of funds, constructive or otherwise, by the creditors. The contract of sale entered into by the parties herein called for payment of a sum certain to King on or before January 21, 1984. This court is not at liberty to alter the terms of that contract. Since King did not receive the payment, he is entitled to accelerate the full amount of the note and to maintain this action to foreclose the mortgage. Accordingly, it is

ORDERED that the motion of defendants for summary judgment is denied.